# UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　*Plaintiff-Appellee,*

v.

RICHARD LORENZO CHALMERS,
　　　　　*Defendant-Appellant.*

No. 03-4582

Appeal from the United States District Court
for the Southern District of West Virginia, at Bluefield.
David A. Faber, Chief District Judge.
(CR-99-163)

Submitted: October 15, 2003

Decided: November 26, 2003

Before WILLIAMS, MICHAEL, and GREGORY, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Mary Lou Newberger, Federal Public Defender, David R. Bungard, Assistant Federal Public Defender, Charleston, West Virginia, for Appellant. Kasey Warner, United States Attorney, Karen B. George, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Richard Lorenzo Chalmers ("Chalmers") appeals the district court's sentence imposed for his second violation of terms of his supervised release. Finding no abuse of discretion, we affirm.

On December 9, 1999, Chalmers was sentenced to twenty-one months' imprisonment followed by three years of supervised release following a guilty plea to one count of possession with intent to distribute hydromorphone. Chalmers began his period of supervised release on February 16, 2001.

On December 18, 2001, a federal probation officer filed a Petition for Warrant or Summons for Offender Under Supervision, charging Chalmers had violated three terms of his supervised release: (1) driving while under the influence of alcohol ("DUI"); (2) consuming alcohol excessively; and (3) failing to notify his probation officer of his DUI arrest. Chalmers admitted to all three violations, and the district court revoked his supervised release. The district court sentenced Chalmers to time served (approximately one month) and an additional period of supervised release. As a special condition of supervised release, the district court imposed a term of 120 days of home confinement.

On June 17, 2003, the same probation officer filed a second violation petition charging Chalmers with violating three terms of his supervised release: (1) DUI; (2) excessive alcohol consumption; and (3) failure to submit monthly reports. At a hearing on the charges, Chalmers again admitted to the violations and apologized for them. He stated that he understood the district court was "lenient" with him on the first violation of supervised release. After hearing argument from opposing counsel, the district court sentenced Chalmers to eleven months' imprisonment and an additional period of supervised

release (eighteen months). As a special condition of supervised release, the district court ordered that six months be spent in a community corrections facility in Lebanon, Virginia. The district court also recommended that Chalmers take part in any available alcohol education or rehabilitation programs.

At the time of the hearing, Chalmers lived and worked in Bluefield, West Virginia. His counsel objected to the community facility special condition, unsuccessfully arguing it was not the least restrictive means to achieve the goal of deterrence and punishment. Specifically, Chalmers's counsel argued that Lebanon was so far away from Chalmers's home in Bluefield that he would have to quit his current job. Chalmers timely noted an appeal and argues that the district court abused its discretion by placing him in the Lebanon community corrections facility for six months as a special condition of supervised release.

Special conditions of supervised release imposed by a district court are reviewed for "abuse of discretion." *United States v. Dotson*, 324 F.3d 256, 259 (4th Cir. 2003); *see United States v. Achiekwelu*, 112 F.3d 747, 753 (4th Cir. 1997) (explaining that district court abuses discretion if court acted arbitrarily and irrationally); *James v. Jacobson*, 6 F.3d 233, 239 (4th Cir. 1993) (noting that an abuse of the district court's discretion occurs when the court fails or refuses to exercise its discretion, fails to consider mandatory factors, or when the court's exercise of discretion is flawed by an erroneous legal or factual premise).

The sentencing court may impose any condition of supervised release that it considers appropriate, 18 U.S.C. § 3583(d) (2000), as long as any special condition: "(1) is reasonably related to the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), and (a)(2)(D); (2) involves no greater deprivation of liberty than is reasonably necessary for the purposes set forth in section 3553(a)(2)(B), (a)(2)(C), and (a)(2)(D); and (3) is consistent with any pertinent policy statements issued by the Sentencing Commission pursuant to 28 U.S.C. [§] 994(a)." 18 U.S.C. § 3583(d).

The purposes mentioned in § 3583(d)(2), and set out in 18 U.S.C. § 3553(a)(2) (2000), are the need for the sentence imposed to afford

adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. 18 U.S.C. § 3553(a)(2). The district court may also take into consideration the nature and circumstances of the offense and the history and characteristics of the defendant. 18 U.S.C. § 3553(a)(1). The maximum sentence that may be imposed upon violation of supervised release is governed by 18 U.S.C. § 3583(e)(3) (2000). Someone convicted of a Class C felony (such as Chalmers) may be sentenced under § 3583 to a term of twenty-four months.

We find no abuse of discretion in the district court's contested special condition of supervised release. The district court imposed the community facility special condition because Chalmers violated his supervised release twice in the past. Both times, the violation included DUI, which the district court found highly significant for its potential physical danger to the community at large. The tenor of the district court's decision was that it had been lenient with Chalmers after his first violation of supervised release, but, given the repeat DUI conduct, could not risk such leniency again.[1] Accordingly, the district court was insistent in its oral ruling that Chalmers receive all available substance abuse counseling while serving this new sentence.

Given Chalmers's history of repeated violations involving highly dangerous public conduct (DUI), we conclude imposition of six months at a community facility was reasonably related to the goals of deterrence, punishment, public protection, rehabilitation, and promotion of respect for the law.[2] We conclude the district court did not abuse its discretionary authority to determine the least restrictive means of achieving these goals. We therefore affirm Chalmers's sentence. We dispense with oral argument because the facts and legal

---

[1]Chalmers himself acknowledged at the hearing that the district court had been lenient with him after his first revocation. He stated at the hearing that he knows he has an alcohol "problem" and that he needs "help." (*See* J.A. 29-30.)

[2]We note that the district court had the authority to sentence Chalmers to as much as twenty-three months' imprisonment, but did not do so.

contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*